UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HERMAN STEWART, ET AL.                    CIVIL ACTION NO. 06-2266

versus                                    JUDGE HICKS

WHIRLPOOL CORPORATION                     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Herman and Inez Stewart, along with their insurer, filed this suit in state court against Whirlpool Corporation. Plaintiffs alleged that a fire stared at a Whirlpool brand clothes dryer in their residence causing "significant damage to the real and personal property of the Stewarts." The petition seeks recovery of those damages from Whirlpool, but it does not specify the amount at stake or plead any additional facts from which the amount may be reasonably discerned. Whirlpool filed a notice of removal based on an assertion of diversity jurisdiction. The notice does not provide any facts regarding the amount in controversy. It asserts only a conclusory allegation that: "The Plaintiffs have alleged damages in excess of $75,000."

The court has an independent duty to ascertain that it has subject matter jurisdiction over a civil action. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). "There is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996). In a removed case, the removing defendant has the burden of showing that the amount in controversy element of diversity jurisdiction is satisfied. In determining whether the defendant has met that burden, the court may look to the plaintiffs' pleadings to see whether it is facially

apparent that the claims are for more than $75,000. The removing attorney may also support jurisdiction by setting forth the facts in controversy, either in the notice of removal or by affidavit, that support a finding of the requisite amount. Luckett v. Delta Airlines, 171 F.3d 295, 298 (5th Cir. 1999); Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).

It is not facially apparent that the claims in this case are for more than $75,000. There are also no facts set forth in the notice of removal to support such a finding. Whirlpool will be permitted until **March 23, 2007** to file an **Amended Notice of Removal** and attempt to present facts (which might include matters such as the amount of settlement demands or a description and estimated value of the property allegedly damaged) that will satisfy Whirlpool's burden with respect to the amount in controversy. If Whirlpool is able to satisfy its burden, the court will set a scheduling conference.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 28th day of February, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE